PER CURIAM.
 

 This is an appeal from a final order entered by the District Court for the Western District of Oklahoma which had affirmed some designated orders of the bankruptcy court in the case at bar. The dispositive facts necessary for our consideration are not in dispute.
 

 On June 2, 1978, the Federal Deposit Insurance Company (hereinafter referred to as FDIC) filed suit against Transamerica Insurance Company, the plaintiff herein, on two bankers’ blanket bonds to recover $212,862.23 for alleged illegal acts of three individuals, including Robby Lark Olm-stead, the defendant and bankrupt herein.
 
 [1]
 
 Transamerica thereafter filed a third party complaint against Mr. Olmstead, alleging that if FDIC recovers ■ against it, and it pays, Transamerica will be subrogated to the rights of FDIC against Olmstead.
 

 On the last day of July, 1978, Mr. Olm-stead filed a petition for voluntary bankruptcy and listed FDIC and Transamerica as creditors. Filing of the petition acted to automatically stay the
 
 FDIC v. Transamerica v. Olmstead
 
 proceeding under rule 401 of the Rules of Bankruptcy Procedure, 11 U.S.C.
 

 The bankruptcy court set September 25, 1978, as the last day for filing objections to discharge of the bankrupt and as the last day for filing complaints to determine dis-chargeability of any debt. Prior to that date FDIC filed a complaint objecting to dischargeability of its claim.
 
 [2]
 

 On October 24, 1978, Transamerica filed an application for modification of the stay. This application was later amended to read
 
 “Complaint
 
 and application” as required by rule 401 of 11 U.S.C. After reviewing the file and hearing argument on the complaint the bankruptcy court filed an order permitting Transamerica to proceed against the bankrupt.
 

 On appeal to this court bankrupt contends that the lower court erred in permitting Transamerica to file a complaint requesting modification of the automatic stay subsequent to the last day fixed for filing objections to discharge under bankruptcy rule 404. Bankrupt’s contention is unpersuasive in several respects. Although bankruptcy rule 404(a) requires the court to fix a specified date for filing objections to discharge Transamerica’s amended complaint was not an objection to discharge; it was an application to modify the automatic stay. Bankruptcy rule 401 rather than rule
 
 *1367
 
 404 is therefore applicable. Significantly, rule 401 sets no time limitation for filing a complaint requesting relief from a stay. Subsection (b) of 401 specifies that a stay, unless annulled, terminated or otherwise modified continues until the bankrupt’s case is dismissed or the bankrupt is denied a discharge or waives or otherwise loses his right thereto. Because the Act specifies no time limitation for dismissing a case or determining dischargeability of a debt we are led to the conclusion that the automatic stay may be modified pursuant to a complaint filed at any time before the case is dismissed or discharge is denied.
 

 Even if the rule 404(a) time limitation were applicable to Transamerica’s October 24th complaint the lower court’s judgment would not be erroneous. Subsection (c) of rule 404 states: “The court may for cause, on its own initiative, or on application of any party in interest, extend the time for filing a complaint objecting to discharge.” The bankruptcy court permitted the October 24th filing and lifted the stay so that “the ends of justice might be served.” That justice might be served is sufficient cáuse to extend the time for pleading and for this court to sustain that ruling.
 
 See United States
 
 v.
 
 Hall,
 
 5 Cir., 565 F.2d 917.
 

 Bankrupt further contends that the district court erred by affirming the bankruptcy court’s modification of the automatic stay without first determining discharge-ability of Transamerica’s claim. Section 17 of the Bankruptcy Act, 11 U.S.C. § 35, provides that only provable debts are dis-chargeable in bankruptcy. Section 57(d) of the Act, 11 U.S.C. § 93(d), mandates that contingent or unliquidated claims be liquidated or reasonably estimated “in the manner and within the time directed by the court.” This latter provision has been interpreted as giving the bankruptcy court discretion to chose the most appropriate means of liquidating a claim.
 
 See Wood v. Fiedler,
 
 8 Cir., 548 F.2d 216. In the instant case Transamerica’s claim against the bankrupt is contingent upon the outcome of FDIC’s claim against Transamerica. Consequently, it is within the bankruptcy court’s discretion to determine how the claim will be liquidated, whether that be by judgment of another court or by estimation on its own behalf.
 

 We think it clear that the 1970 amendment to 11 U.S.C. § 35 did not divest the bankruptcy court of the discretion granted it in 11 U.S.C. § 93(d). The 1970 amendment requires the bankruptcy court upon appropriate application, to finally determine the dischargeability of any debt. 11 U.S.C. § 35(c)(3). This amendment was enacted to prevent a particular abuse that existed prior thereto. Before the 1970 amendment a debt discharged in bankruptcy was waived by failure of the bankrupt to properly plead the discharge in defense of an action on the debt. Consequently, creditors whose claims had been discharged in bankruptcy would often sue the bankrupt in state courts intending that the bankrupt default because of a misplaced reliance on the discharge or because the bankrupt was unable to afford an attorney to defend the claim.
 
 See
 
 H.Rep.No.91-1173, 91st Cong., 2d Sess. (1970); 1A Collier, Bankruptcy. ¶ 17.28A, 1735-1736.
 

 Modification of the stay on the FDIC v. Transamerica v. Olmstead action prior to a determination of dischargeability will not subject the bankrupt to the abuse which the 1970 amendment was designed to prevent. The bankruptcy court is not abdicating its duty to determine dischargeability of the debt; it is only deferring that determination until another court determines Olm-stead’s liability. When the bankruptcy court finally determines dischargeability of the debt it will carry the same effect as if the determination had been made prior to conclusion of the personal liability action.
 
 See In re Mountjoy
 
 (W.D.Mo.), 368 F.Supp. 1087; 1A Collier Bankruptcy ¶ 17.17 at 1666-1667.
 

 It is therefore our conclusion that the bankruptcy court may, in the exercise of its discretion, defer its determination of the dischargeability of a debt until the creditor’s claim is liquidated in another court of competent jurisdiction absent prejudice to
 
 *1368
 
 the bankrupt.
 
 Accord, Wood v. Fiedler,
 
 8 Cir., 548 F.2d 216;
 
 In re Lebow
 
 (S.D.N.Y.), 397 F.Supp. 487;
 
 In re Mountjoy, supra.
 

 On this appeal bankrupt has failed to allege any facts demonstrating that he will be prejudiced if the Transamerica action is permitted to proceed before dischargeability of the debt is determined. It is obvious, however, that the bankruptcy court will save considerable time, effort, and money by awaiting the outcome of the liability proceeding and reviewing facts there presented to liquidate and determine dis-chargeability of the debt. Consequently, we cannot say that the bankruptcy court abused its discretion by deferring its determination of dischargeability until the FDIC v. Transamerica v. Olmstead action is concluded. The judgment and order of the district court is, therefore
 

 AFFIRMED.
 

 [1]
 

 . It is alleged that Mr. Olmstead, former president of First State Bank, Foss, Oklahoma, as a result of dishonest and illegal actions caused the default or delinquency of some $365,815.00 of First State Bank auto loans. Furthermore, Mr. Olmstead pleaded guilty and received a three year suspended sentence for aiding and abetting another officer of First State Bank in the willful misapplication of money, funds or credits of the First State Bank of Foss in violation of 18 U.S.C. §§ 656 and 2.
 

 [2]
 

 . The essence of FDIC’s claim is that the bankrupt’s debt is not dischargeable under 11 U.S.C. § 35(a)(4) because it was created by his “fraud, embezzlement, misappropriation or defalcation while acting as an officer or in a fiduciary capacity.”