### In re The DUPLAN CORPORATION, Duplan Fabrics, Inc., Debtors.

### Nos. 76 B 1967 (KTD), 76 B 1968.

United States District Court,
S. D. New York.

Feb. 11, 1981.

Brett & Finkin, Forest Hills, N. Y., for Mortimor Robert Gluck; Bob M. Finkin, Forest Hills, N. Y., of counsel.

---

Shea & Gould, New York City, for the Trustee; Philip R. Mann, Lonn A. Trost, Jacalyn F. Barnett, New York City, of counsel.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for United States Trust Co. of New York; John P. Campbell, Cormac K. H. O'Malley, Barbara Peabody, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This is a motion to vacate a stay of all proceedings that have been brought in New York State Supreme Court against Duplan Corporation, a debtor currently involved in reorganization proceedings. On August 31, 1976, Duplan filed petitions instituting bankruptcy proceedings under Chapter XI. By order of the Bankruptcy Judge on October 6, 1976, the proceedings were transferred to Chapter X, a Trustee was appointed and a stay was imposed preventing all parties from commencing and continuing any lawsuits against Duplan. Thereafter, creditors were given the opportunity until July, 1979, to file claims. Approximately 800 proofs of claim have been filed against the debtor to date, and objections to all but a few of these claims have been resolved.

One of the largest remaining unsettled claims belongs to the movant, Mortimor Robert Gluck. In late October, 1975, Gluck instituted an action in the Supreme Court of the State of New York against Duplan and several of its officers. The complaint's principal allegations are that certain of the defendants conspired to unjustifiably discharge Gluck and to damage his reputation in the commercial community and in particular the ladies' undergarment industry. Gluck alleges that the individual defendants spread false and defamatory statements concerning the personal habits and attitudes of Gluck.

On October 17, 1977, Gluck filed a general, unsecured claim against Duplan in the amount of $20,000,000. The claim referred to the allegations in the state court complaint even though the complaint sought only $16,000,000.

On July 11, 1980, the Trustee in Reorganization [the "Trustee"] moved to expunge Gluck's claim. Seven days later, Gluck moved to modify the stay so as to allow Gluck to proceed against Duplan's insurance policies. Gluck argued that Section 167 of the New York State Insurance Law provides that the insolvency of the person insured does not release the insurer from the payment of damages for injury sustained during the period of coverage. Subsequent attempts by the parties to settle the issue of the stay failed.

On September 5, 1980, at a hearing on the application to expunge the claim, I permitted Gluck's attorney, Mr. Finkin, additional time to complete any necessary document work. Five days later, Gluck made a motion to vacate the stay without any limitations. In an affidavit accompanying this motion, Mr. Finkin explains that the State Supreme Court judge informed him that the state court would not proceed until such time as the federal court stay is vacated. Also, the state court would not permit the action to continue against the individual co-defendants unless the plaintiffs were permitted to proceed against Duplan as well. Finally, Mr. Finkin contends that the Trustee has denied him production of certain of Duplan's records.

The motion to vacate the stay is denied. Gluck submitted himself to the jurisdiction of the federal court when he filed his proof of claim. *See Wiswall v. Campbell*, 93 U.S. 347, 351, 23 L.Ed. 923 (1876). This court presently has a duty to adjudicate any interests claimed in Duplan. *See Gardner v. New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947). Accompanying this duty, is the power to enjoin the commencement or continuation of suits against debtors. 11 U.S.C. § 516(4). I recognize that Gluck has an important interest in pursuing whatever claims he has against Duplan. That interest, however, may not be permitted to disrupt the reorganization process to the prejudice of everyone in-

volved. *See Foust v. Munson Steamship Lines*, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936). The Trustee's plan has recently been found to be fair, equitable and feasible, and creditor groups will soon be given the opportunity to vote on the plan. Thus, the reorganization process is at a developed stage. The New York suit could take an indefinite amount of time to be resolved and could thereby substantially prejudice all the parties involved in Duplan's reorganization. Although plaintiffs assert that they are ready for trial, there exist four other defendants in the case besides Duplan. These defendants could delay the case despite efforts by the Trustee to expedite its determination. *See In re Michigan Brewing Co.*, 24 F.Supp. 430 (W.D.Mich. 1938), *aff'd*, 101 F.2d 1007 (6th Cir. 1939). Also, any resulting appeals in New York courts would lead to further delay.

Despite these possible delays, the movant has not shown any exceptional circumstances which call for this court to surrender its jurisdiction over the claim. Gluck's attorney does assert that Duplan has refused to turn over documents for discovery purposes. The Trustee, however, has apparently fully cooperated with the claimant. Thus, this does not appear to be a case where the debtor is hiding behind the stay to avoid discovery. *See, e. g., In re Zeckendorf*, 326 F.Supp. 182 (S.D.N.Y.1971). Duplan has turned over copies of the various insurance policies to Gluck. Should any further discovery disputes arise, this court will be able to adequately handle them. In addition, there is no necessity here to defer to the New York courts for the purposes of interpreting New York law. *See, e. g., Foust v. Munson Steamship Lines*, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936). There has been no showing before me that there presently exists a serious question over the liability of Duplan's insurer to Gluck under the New York State's insurance law. Accordingly, this court will retain jurisdiction over the Gluck claim and a hearing will be held to adjudicate the Trustee's application to expunge the claim.

Motion to vacate the stay is denied.

So ordered.