In the Matter of Benjamin RABIN, Continental Consultants Corporation, Prime Network, Inc., Satellite Communications Network, Inc., Alpha Technology Construction Corporation, Debtors.

No. 84–02508.

United States Bankruptcy Court, D. New Jersey.

March 4, 1985.

OPINION

D. JOSEPH DE VITO, Bankruptcy Judge.

Lenz W. Gmelin (Gmelin), *et al.*, seek relief from the automatic stay grounded in § 362[d] of the Bankruptcy Code to permit continuation of two state court actions presently pending against the above debtor. On January 26, 1982, the first action was filed by Gmelin, *et al.*, against the debtor and Samuel Rosengarten, debtor's business partner, in the Superior Court of

New Jersey. On May 23, 1984, the second action was filed by Peter D. Nelson, *et al.* (Nelson), against the same defendants, also in the Superior Court of New Jersey. Both actions are grounded in fraud and misrepresentation relating to defendants' solicitation of Gmelin and Nelson, *et al.*, to invest in Master Associates, a partnership formed to acquire and promote a motion picture film. Defendants were general partners in that partnership.

On May 9, 1984, followed by the appointment of a trustee on June 18, 1984, Rabin filed a Chapter 11 petition in bankruptcy.

In the Gmelin action, Rosengarten, codefendant, moved in the state court for an order extending debtor's protection under the automatic stay to him.

On June 15, 1984, the state court denied the motion of Rosengarten, codefendant, to extend to him the debtor's protection under the automatic stay of § 362. Movants represent that consolidation of the Gmelin and Nelson actions will be sought and, further, that trial of the Gmelin matter is imminent.

The movants argue that the automatic stay should be lifted to prevent prejudice in repetitive litigation of identical claims; that, absent consolidation, if the stay is not lifted, plaintiffs may be forced to litigate two state court actions against Rosengarten and initiate an adversary proceeding against the debtor in the bankruptcy court.

Opposing the motion, the debtor argues that movants have failed to set forth grounds sufficient to permit relief from the stay; that possible joint and several liability of state court defendants is an insufficient ground and, finally, that, though the state court actions grounded in fraud may not be dischargeable in the debtor's bankruptcy proceeding, that fact is, similarly, insufficient to sustain the relief requested.

Section 362[d] provides, in pertinent part: On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . ."

An example of "cause" requiring the court to grant relief from the automatic stay is the lack of good faith in filing a case under Chapter 11. *See In re Victory Construction Co.*, 9 B.R. 549, 560 (Bankr.C.D.Ca. 1981) order stayed, 9 B.R. 570, order vacated and remanded on other grounds, *Hadley v. Victory Construction Co.*, 37 B.R. 222, 229 (Bankr. 9th Cir.1984); *Accord Glassmanor Apartments Ltd. v. Corporation Deja Vu* (In re Corporation Deja Vu), 34 B.R. 845, 850 (Bankr.D.Md.1983). In *Victory* the court defined "cause" as: *"any* reason cognizable to the equity power and conscience of the court as constituting an abuse of the reorganization or rehabilitation process." 9 B.R. at 560.

The discretionary right of the bankruptcy court to decide whether a state court proceeding against the debtor should be permitted to continue is well settled. *Transamerica Insurance Co. v. Olmstead* (In re Olmstead), 608 F.2d 1365, 1367–68 (10th Cir.1979); *Harris v. Fidelity and Deposit Co.* (In re Harris), 7 B.R. 284, 286 (S.D.Fla.1980). In delineating the limits and nature of the "cause" standard, the Court looks to the legislative history of § 362, which, in pertinent part, provides:

Subsection [d] requires the court, on request of a party in interest, to grant relief from the stay, such as by terminating, annulling, modifying, or conditioning the stay, for cause. The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. As noted above, *a desire to permit an action to proceed to completion in another tribunal may provide another cause.* Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the bankruptcy case. In that case, it should not be stayed. A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally, pro-

ceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances.

H.R.Rep. No. 595, 95th Cong., 1st Sess. (1977) p. 343–44 (emphasis added); *see also* S.Rep. No. 989, 95th Cong., 2d Sess. (1978) p. 52, U.S.Code Cong. & Admin.News 1978, p. 5787, 5838, 6300.

Legislative history supporting § 362 further provides:

Undoubtedly the court will lift the stay for proceedings before specialized or nongovernmental tribunals to allow those proceedings to come to a conclusion. Any party desiring to enforce an order in such a proceeding would thereafter have to come before the bankruptcy court to collect assets. Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 91977) p. 341; S.Rep. No. 989, 95th Cong., 2d Sess. (1978) p. 50, U.S.Code Cong. & Admin.News 1978, pp. 5836, 6297.

Decisional law has interpreted the above legislative history in several ways. In *Olmstead, supra*, the Circuit Court held that the bankruptcy court was correct in deferring its determination of whether a debt was dischargeable until another court liquidated the creditor's claim, provided, however, that no prejudice to the debtor existed. 608 F.2d at 1367–68. In *Holtkamp v. Littlefield* (In re Holtkamp), 669 F.2d 505 (7th Cir.1982), in affirming the bankruptcy court's lifting of the automatic stay to permit a civil action to continue, the Circuit Court emphasized that "[a]llowing the pending action to proceed merely determined Holtkamp's [debtor's] liability but did not change Littlefield's [creditor's] status in relation to other creditors." 669 F.2d at 508. In addition, the Circuit Court made the following observations: where the civil action is not connected, nor interfering with the bankruptcy proceeding, to lift the stay would not thwart the underlying purpose of the automatic stay, namely to preserve the debtor's estate and to provide a systematic and equitable plan for repayment and reorganization; further, that the expertise of the bankruptcy court was not necessary to a determination of the pending civil action; and, finally, that the interests of judicial economy warranted lifting of the stay because of the imminence of the trial. 669 F.2d at 508–09.

The Court finds that "cause" exists for lifting the automatic stay allowing movants to continue the state court action. The sole connection or interference the state court proceeding may have on the debtor's bankruptcy proceeding will occur when payments are made pursuant to the Chapter 11 plan, provided movants herein file proofs of claim. Indeed, there would be greater interference with the debtor's bankruptcy proceeding if the stay were not lifted, with the matters pending in state court to be litigated in the bankruptcy court. The time required to resolve the state court matters would delay the debtor's opportunity to move other matters presently pending in this Court.

Because it appears that no great prejudice to the debtor's bankruptcy estate would result, the Court finds that it is more appropriate to permit continuance of the state court proceedings in their place of origin. It is clear that movants' claim will have to be liquidated either in state court or the bankruptcy court. In either instance, the debtor will have to defend that action. It is unreasonable to presume that the continuance in the state court would subject the debtor's estate to a greater

expense. The cost of defending the state court action in the state court has not been considered so prejudicial as to require continuance of the stay. *In re McGraw*, 18 B.R. 140, 142 (Bankr.W.D.Wis.1982); *Hoenig v. Hoffman* (In re Hoffman), 33 B.R. 937, 941 (Bankr.W.D.Okla.1983). It is certainly possible that continuance of the stay would cause great prejudice to the movants. Because the debtor's partner is a codefendant in the state action, movants would be required to proceed against the debtor in the bankruptcy court and against the debtor's partner in the state court. *See Hoffman, supra,* 33 B.R. at 941.

Further, the Court finds that the expertise of the bankruptcy court is unnecessary in the state court action, essentially one grounded in securities fraud. For all of the foregoing reasons, the doctrine of judicial economy is better served by permitting the continuance of the action in the court of origin.

We turn, finally, to the burden of proof on the issue of "cause", which lies with the debtor. 11 U.S.C. § 362[g][2]. *See also, Hoffman, supra,* 33 B.R. at 941. The Court finds that the debtor has not adequately met his burden. The debtor only claims that continuance of the state court action would frustrate his attempt to effectuate a successful reorganization. This argument is unpersuasive and insufficient to carry debtor's burden of proof.

Movants have sufficiently set forth facts evidencing their allegation of cause. Thus, the Court grants their motion to lift the stay permitting continuance of the state court proceedings, limited, however, to the entry of judgment. Only a liquidation of their claim is ordered, and any enforcement of the judgment, if rendered in their favor, is impermissible at this time. Movants are directed to return to the bankruptcy court either to litigate the nondischargeability issue or participate as creditors under debtor's reorganization plan.

Submit an order in accordance with the above.