**In re Leslie D. NEELY and Luz Elena Neely, Debtors.**

**Thomas A. WOOD, individually and on Behalf of Luz Elena Wood, an infant under 18 years of age, by her parent having legal custody, Plaintiffs,**

v.

**Leslie D. NEELY and Luz Elena Neely, Defendants.**

**Bankruptcy No. 90 B 20729.
90 Adv. 6188.**

United States Bankruptcy Court,
S.D. New York.

March 22, 1991.

Aronwald & Pykett, White Plains, N.Y., for debtors and defendants.

Salomon Green & Ostrow, P.C., New York City, for plaintiffs.

## DECISION ON MOTION TO DISMISS COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtors, who are husband and wife in the joint Chapter 7 case, have moved to dismiss a nondischargeability complaint filed pursuant to 11 U.S.C. § 523(a)(6) by their former son-in-law, Thomas A. Wood and his minor child, Luz Elena Wood. The debtors allege that the plaintiffs fail to state a claim upon which relief may be granted and that the complaint fails to state separately the cause of action and fails to follow the Bankruptcy Rules for pleading. The debtor's motion for dismissal is made pursuant to Bankruptcy Rules 7008(a), 7010 and 7012 (which adopts Fed. R.Civ.P. 12(b)). The debtors also seek Rule 11 sanctions, which are made applicable to the proceeding by Bankruptcy Rule 9011.

## STATEMENT OF FACTS IN THE COMPLAINT

1. Plaintiff Thomas A. Wood was lawfully married to Leticia Angel, the daughter and stepdaughter, respectively, of debtors Luz Elena Neely and Leslie D. Neely. Plaintiff Luz Elena Wood (the "minor child") was born of and during this marriage on October 9, 1983. Plaintiff Thomas A. Wood and Leticia Angel Wood were divorced on or about January 17, 1986 in the State of Hawaii, where the divorce decree, among other things, prohibited Leticia Angel from taking the minor child from the State of Hawaii. Nevertheless, Leticia Angel, with assistance from the defendants, abducted the minor child from Hawaii on or about September 21, 1984. From that date until approximately December 1984, the defendants concealed the minor child at their home in New York.

2. On or about January 17, 1985, the Family Court of the First Circuit, State of Hawaii, issued an order granting plaintiff Thomas A. Wood full, complete, and exclusive custody of the minor child, pending final determination of the divorce action then pending between himself and Leticia Angel Wood. On or about January 29, 1985, the Westchester County Family Court, State of New York, granted plaintiff Thomas A. Wood a writ of habeas corpus commanding Leticia Angel Wood and defendant Luz Elena Neely to bring the minor child before the court. On or about January 29, 1985, plaintiff Thomas A. Wood, with the assistance of the police, recovered the minor child from the home of the debtors. From February 1985 until August 1985, the plaintiffs resided in Hawaii.

3. On or about August 4, 1985, the debtors re-abducted the minor child, and concealed her in several locations through-

out the United States, until the minor child was recovered from the home of the debtors on August 1, 1986.

4. On July 25, 1989, plaintiff Thomas A. Wood filed suit in the United States District Court for the District of Rhode Island, which was transferred to the United States District Court for the Southern District of New York (the "District Court Action") arising out of, among other claims for relief, the intentional and malicious wrongful abduction, concealment, kidnapping, and false imprisonment of the minor child by the debtors. The District Court Action was settled, resulting in the entry of a settlement judgment against the debtors in the amount of $75,000.00, plus interest. The debtors sought to vacate this judgment but were unsuccessful, and were ordered to pay $6,743.70 of plaintiff Thomas A. Wood's attorneys' fees.

5. On July 27, 1990, the debtors filed a joint petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). The plaintiffs timely filed their complaint objecting to the dischargeability of their claims against the debtors. The debtors filed a motion to dismiss on the grounds previously stated.

### The Complaint

After setting out the basic facts and that the debtors willfully and maliciously disregarded court orders and that the debtors intentionally and maliciously conspired in the wrongful abduction of the plaintiff's minor child, who is the debtor's grandchild, the complaint proceeds to state 19 separate causes of action, most of which are duplicated separately for the plaintiff and the minor child.

The first claim on behalf of Thomas A. Wood, concludes as follows:

16. As a direct and proximate result of defendants' actions, plaintiff Thomas A. Wood suffered the loss of the society, companionship, love, and services of the minor child, suffered extreme mental anguish and emotional distress, and incurred expenses in attempting to locate and determine the well-being of the minor child.

17. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The concluding paragraphs in all the next sixteen counts in the complaint, from count three through count eighteen, contain substantially similar, if not identical language. These concluding paragraphs are listed in the Appendix to this decision.

### DISCUSSION

In considering a motion pursuant to Fed.R.Civ.P. 12(b) as incorporated in Bankruptcy Rule 7012, the factual allegations of the complaint must be taken as true and viewed in the light most favorable to the plaintiff so that the complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would sustain the relief claimed. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The first eighteen counts of the complaint allege claims for willful and malicious injury to the plaintiffs by the debtors because of the debtors' conduct which was the subject of a district court action brought by the plaintiffs against the debtors. The district court action was settled by stipulation between the parties entered on December 13, 1989 in the United States District Court for the Southern District of New York. The stipulation formed the basis for a "So Ordered" judgment signed by District Court Judge Vincent L. Broderick on March 3, 1990 and entered by the clerk on March 7, 1990. The plaintiffs repeat in eighteen separate counts the same claim that the debtors "intentionally engaged in willful, malicious, extreme and outrageous conduct, as well as other conduct, with the purpose of causing severe emotional distress ...". The basic grievance is that the debtors aided their daughter when she abducted their grandchild from the plaintiff, their former son-in-law, in violation of court orders.

The debtors' conduct is no longer actionable because the plaintiffs entered into a stipulation of settlement with the debtors, which settlement was thereafter entered as a "So Ordered" judgment. The debtors claimed that they did not authorize their attorney to settle the plaintiffs' litigation, but they recognize that at this juncture they are bound by it. So too, are the plaintiffs bound by the judgment in accordance with the doctrine of *res judicata*, because a judgment entered on a settlement or compromise is a final determination of the controversy. *See Cummins Diesel Michigan, Inc. v. The Falcon*, 305 F.2d 721, 723 (7th Cir.1962). Therefore, the eighteen counts or causes of action in the complaint are irrelevant; the debtors are liable for the $75,000.00 sum set forth in the district court judgment only once, regardless of how many different theories may be created by counsel's wildest imagination in order to arrive at the $75,000.00 liability. Plaintiffs' attorneys do not need eighteen separate counts to assert a claim under 11 U.S.C. § 523(a)(6) that the plaintiffs' judgment reflects a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity ...".

■ The eighteen separate counts violate the spirit of Fed.R.Civ.P. 8(a), as incorporated in Bankruptcy Rule 7008. Under this Rule a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief ..." The plaintiffs' position that the nondischargeability of the debtors' liability under the stipulated judgment will be more evident if the nondischargeability theory is repeated seventeen times after the initial count in their complaint cannot be condoned. Under *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), a bankruptcy court may look behind the judgment when considering the dischargeability of the debt. However, the bankruptcy court need not be inundated with unnecessary and imaginative theories for liability excessively overstated in redundant counts in a nondischargeability complaint. The only issue before this court is whether or not a valid claim for nondis-

chargeability is asserted in the complaint, which meets one of the grounds delineated under 11 U.S.C. § 523(a). Plaintiffs' numerous theories for liability are academic because the stipulated judgment conclusively established the amount of the debt.

■ The nineteenth count incorporates the previous allegations in the complaint and charges that the debtors are liable to the plaintiff, Thomas A. Wood, in the sum of $25,000 plus interest for certain specified costs in enforcing court orders. This count is stated as follows:

90. As a direct and proximate result of defendants' actions, plaintiff incurred actual costs in enforcing both the TRO and the Custody Order. These costs included, but were not limited to, payment for legal fees, therapy and counseling, transportation, private investigators, mailings, out-of-work time, and telephone calls from Hawaii to the U.S. mainland to law-enforcement agencies.

91. Therefore, judgment should be entered against the defendants for no less than $25,000.00 plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

■ The costs incurred in enforcing the TRO and Custody Order were matters which related to the claims asserted in the district court litigation which was settled by a stipulated judgment. The pre-judgment claim of $25,000.00 beyond the $75,000.00 stipulated judgment may not now be raised as an additional indebtedness on the part of the plaintiffs. *Brown v. Felsen*, permits a court to look behind a judgment that is unclear in order to determine if the judgment debt is nondischargeable. However, the *Brown v. Felsen* case does not authorize a court to disregard the doctrines of *res judicata* or collateral estoppel and alter the amount of the judgment. All claims which the plaintiffs did raise, or could have raised, are reflected in the stipulated judgment. *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *See Restatement (Second) of Judgments* § 24 (1982). The only

issue before this court is whether plaintiffs' conduct, which gave rise to the stipulated judgment, taint the award so that the judgment should be nondischargeable under 11 U.S.C. § 523(a)(6). There is no question that the doctrine of collateral estoppel applies in bankruptcy cases. *See,* e.g. *Grogan v. Garner,* 498 U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Because the issue of willful and malicious injury by the debtors to the plaintiffs was not decided under the stipulated judgment, it remains the only issue for this court to resolve with respect to such payment. The plaintiffs' right to an award for costs pertaining to their efforts to obtain the stipulated judgment are reflected in the stipulation of settlement between the parties and may not be raised now. Therefore, the nineteenth count fails to state a claim upon which relief may be granted and must be dismissed.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(J).

2. The debtors' motion to dismiss the complaint is granted to the extent that the first eighteen counts, which are bottomed on 11 U.S.C. § 523(a)(6), are dismissed without prejudice to being repleaded in "a short and plain statement of the claim showing that the plaintiff is entitled to relief" as required by Fed.R.Civ.P. 8(a) and Bankruptcy Rule 7008.

3. The nineteenth count in the complaint is dismissed as palpably violating the doctrine of *res judicata.*

4. The debtors are awarded costs in the sum of $500.00 for having to finance their attorneys' effort to dismiss a patently improper pleading.

SETTLE ORDER on notice.

## *APPENDIX*

The second claim, on behalf of the child, concludes:

19. As a direct and proximate result of defendants' actions, plaintiff Luz Elena Wood suffered the loss of the society, companionship, love, and financial support of her father, suffered traumatization, extreme mental anguish and emotional distress, and was deprived of all knowledge, information and contact with her father.

20. Therefore, the dischargeability of the obligation of $75,000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action should be denied pursuant to 11 U.S.C. § 523(a)(6), and judgment should be entered against the defendants for $75,000.00 and $6,743.70, plus interest.

The third claim, on behalf of Thomas W. Wood, concludes:

23. As a direct and proximate result of defendants' actions, plaintiff Thomas A. Wood suffered the loss of the society, companionship, love, and services of the minor child, suffered extreme mental anguish and emotional distress, and incurred expenses in attempting to locate and determine the well-being of the minor child.

24. Therefore, judgment should be entered against the defendants for $75,000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The fourth claim by the child concludes:

26. As a direct and proximate result of defendants' actions, plaintiff Luz Elena Wood suffered the loss of the society, companionship, love, and financial support of her father, suffered traumatization, extreme mental anguish, and emotional distress, and was deprived of all knowledge, information, and contact with her father.

27. Therefore, judgment should be entered against the defendants for $75,000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation

should be denied pursuant to 11 U.S.C. § 523(a)(6).

The fifth claim by Thomas A. Wood concludes:

39. As a direct and proximate result of defendants' actions, plaintiff Thomas A. Wood suffered the loss of the society, companionship, love, and services of the minor child, suffered extreme mental anguish and emotional distress, and incurred expenses in attempting to locate and determine the well-being of the minor child.

40. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The sixth claim by the child concludes:

42. As a direct and proximate result of defendants' actions, plaintiff Luz Elena Wood suffered the loss of the society, companionship, love, and financial support of her father, suffered traumatization, extreme mental anguish, and emotional distress, and was deprived of all knowledge, information, and contact with her father.

43. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,473.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The seventh claim by Thomas A. Wood concludes:

46. As a direct and proximate result of defendants' actions, plaintiff Thomas A. Wood suffered the loss of the society, companionship, love, and services of the minor child, suffered extreme mental anguish and emotional distress, and incurred expenses in attempting to locate and determine the well-being of the minor child.

47. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The eighth claim by the child concludes:

49. As a direct and proximate result of defendants' actions, plaintiff Luz Elena Wood suffered the loss of the society, companionship, love, and financial support of her father, suffered traumatization, extreme mental anguish, and emotional distress, and was deprived of all knowledge, information, and contact with her father.

50. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The ninth claim by Thomas A. Wood concludes:

53. As a direct and proximate result of defendants' actions, plaintiff Thomas A. Wood suffered the loss of the society, companionship, love, and services of the minor child, suffered extreme mental anguish and emotional distress, and incurred expenses in attempting to locate and determine the well-being of the minor child.

54. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The tenth claim by the child concludes:

56. As a direct and proximate result of defendants' actions, plaintiff Luz Elena Wood suffered the loss of the society, companionship, love, and financial support of her father, suffered traumatization, extreme mental anguish, and emo-

tional distress, and was deprived of all knowledge, information, and contact with her father.

57. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The eleventh claim by Thomas A. Wood concludes:

60. As a direct and proximate result of defendants' actions, plaintiff Thomas A. Wood suffered the loss of the society, companionship, love, and services of the minor child, suffered extreme mental anguish and emotional distress, and incurred expenses in attempting to locate and determine the well-being of the minor child.

61. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The twelfth claim by the child concludes:

63. As a direct and proximate result of defendants' actions, plaintiff Luz Elena Wood suffered the loss of the society, companionship, love, and financial support of her father, suffered traumatization, extreme mental anguish, and emotional distress, and was deprived of all knowledge, information, and contact with her father.

64. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The thirteenth claim by Thomas A. Wood concludes:

67. As a direct and proximate result of defendants' actions, plaintiff Thomas A. Wood suffered the loss of the society, companionship, love, and services of the minor child, suffered extreme mental anguish and emotional distress, and incurred expenses in attempting to locate and determine the well-being of the minor child.

68. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The fourteenth claim by the child concludes:

70. At all material times, defendant intentionally engaged in the aforesaid willful, malicious, extreme, and outrageous conduct, as well as other such conduct, with the purpose of causing severe emotional distress to the minor child.

71. As a direct and proximate result of defendants' actions, plaintiff Luz Elena Wood suffered the loss of the society, companionship, love, and financial support of her father, suffered traumatization, extreme mental anguish, and emotional distress, and was deprived of all knowledge, information, and contact with her father.

72. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The fifteenth claim by Thomas A. Wood concludes:

77. As a direct and proximate result of defendants' actions, plaintiff Thomas A. Wood suffered the loss of the society, companionship, love, and services of the minor child, suffered extreme mental anguish and emotional distress, and incurred expenses in attempting to locate

and determine the well-being of the minor child.

78. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The sixteenth claim by the child concludes:

80. As a direct and proximate result of defendants' actions, the minor child suffered the loss of the society, companionship, love, and financial support of her father, suffered traumatization, extreme mental anguish, and emotional distress, and was deprived of all knowledge, information, and contact with her father.

81. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).

The seventeenth claim by Thomas A. Wood concludes:

83. Defendants' actions were willful, malicious, reckless, wanton, and in complete disregard for the well-being of plaintiff Thomas A. Wood and the minor child.

84. As a direct and proximate result of this conduct, plaintiff Thomas A. Wood suffered emotional and mental distress, severe and permanent injuries to his body, nerves, and nervous system, endured and will endure extreme pain and suffering, and has suffered and will continue to suffer humiliation, indignity, and injury to his feelings.

85. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation

should be denied pursuant to 11 U.S.C. § 523(a)(6).

The eighteenth claim by the child concludes:

87. As a direct and proximate result of defendants' conduct, plaintiff Luz Elena Wood suffered emotional and mental distress, severe and permanent injuries to her body, nerves, and nervous system, endured and will endure extreme pain and suffering, and has suffered and will continue to suffer humiliation, indignity, and injury to her feelings.

88. Therefore, judgment should be entered against the defendants for $75,-000.00 arising out of the Judgment and $6,743.70 in attorneys' fees entered in the District Court Action, plus interest, and the dischargeability of the obligation should be denied pursuant to 11 U.S.C. § 523(a)(6).