**In the Matter of ROYSTON DEVELOPMENT CORP., Debtor.**

**SUPER 50 THEATRE CORP., Plaintiff,**

v.

**ROYSTON DEVELOPMENT CORP., Defendant.**

**Bankruptcy No. 82–2036.**
**Adv. No. 82–788.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 20, 1982.

Russell S. Bogue, III, Tampa, Fla., for plaintiff.

Malka Isaak, Tampa, Fla., for defendant.

## ORDER ON COMPLAINT FOR RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a complaint filed by Super 50 Theatre Corp. (Super 50). Super 50 seeks relief from the automatic stay in order to complete a foreclosure action filed before the commencement of the bankruptcy case against Royston Development Corp. (Royston). The relief prayed for is inter-connected with an objection to the foreclosure sale, which was originally filed in the State Court, but by agreement of the parties was removed to this Court. With some minor exceptions, all facts are stipulated and are as follows:

On May 14, 1982, Super 50 obtained a final judgment of foreclosure in the amount of $134,739.80 from the Circuit Court in and for Alachua County, Florida. The foreclosure sale was originally scheduled to be held on July 1, 1982, but because of some errors in scheduling, errors not relevant to the matters under consideration, the sale was cancelled. The sale was rescheduled and was held on September 7, 1982. The subject property was sold to the sole bidder, the holder of the mortgage, Super 50, for $100.

On September 16, 1982, or prior to the expiration of the redemption period provided by state law, § 45.031(3), (4) Fla.Stat. (supp.1982), Royston filed an objection to the sale in the state court and sought an order vacating and setting aside the sale on the ground that the advertisement in the Gainesville Sun improperly described the property by indicating that the property was located in § s3 rather than § 3, Township 10 S, Range 20 E as set forth in the final judgment.

It is without dispute that the legal description did, in fact, identify the subject property as being located in § s3 and there is no such Section in Alachua County. It is also admitted, however, that the notice of the sale filed in the foreclosure action properly described the property; that the insertion of "s" was an error by the newspaper.

Royston filed its Petition for Relief under Chapter 11 on October 1, 1982. The complaint to modify the automatic stay to complete foreclosure filed by Super 50 was filed October 15, 1982. The parties initially agreed that the automatic stay should be extended until this Court has an opportunity to rule on the objection, an objection which now includes the contention of Royston that in addition to the technical error in the legal description as appeared in the newspaper, the price bid for the property was grossly inadequate. It is the contention of Royston that the technical error coupled with the stipulated facts that the price was grossly inadequate would justify to sustain the objection and set aside the sale and direct a new sale, in the event Super 50 prevails and obtains the relief sought in this complaint.

In opposition Super 50 contends that the errors were insignificant and do not warrant a vacation of the stay, inadequacy of price by itself is no ground for vacating the sale and since Royston has nothing left but a right to redeem, it should be permitted to proceed and obtain a title from the Clerk as soon as the 60 days provided for by § 108(b) of the Code expires.

Counsel for Royston urges that if permitted she will be able to present evidence to show that because of the error involved in this case, sophisticated investors in real property did not learn about the sale due to the computer system they were using and, therefore, she should be permitted to put on evidence to establish this fact which when coupled with the inadequate price bid would require the vacation of the sale.

It is the opinion of this Court that in spite of the agreement of the parties to the controversy the most appropriate forum for resolution of the objection to sale is the state court in which the objection was originally filed, particularly since the issues presented must be decided solely on the basis of the laws of Florida. Therefore, the Court will lift the automatic stay for the limited purpose of allowing the parties to obtain in state court a decision regarding the validity of the judicial sale conducted on September 7, 1982. It is clear that a determination by the state court that the September 7, 1982 sale was a valid judicial sale will render the complaint for modification of the automatic stay, moot. Since the 60 day redemption period afforded the Debtor under the Bankruptcy Code, § 108(b) has expired, the estate no longer has a cognizable interest in the subject properties. However, should the state court determine that the sale is invalid and a new sale necessary, the parties must return to this court to obtain further relief from the stay before any other action can be undertaken.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the automatic stay be, and the same hereby is, lifted for the limited and sole purpose of obtaining a state court determination of the validity of the above-referenced judicial sale conducted on September 7, 1982. It is further

ORDERED, ADJUDGED AND DECREED that a state court determination that the sale is valid, will render the complaint to lift the automatic stay filed by Super 50, moot. It is further

ORDERED, ADJUDGED AND DECREED that the parties, upon a state court determination of invalidity of the judicial sale, must seek approval of this court in order to take further action regarding the subject property.