**In re ALELÍ CORPORATION, Debtor.**

**LIQUIDADORA de BIENES, INC., as assignee of Banco Central Corp., Movant-Appellee,**

v.

**ALELÍ CORPORATION, Respondent-Appellant.**

**Civ. No. 85–1695 (JAF).**

United States District Court, D. Puerto Rico.

Feb. 25, 1987.

William A. Power, Sweeting, Gonzalez & Cestero, San Juan, P.R., for movant-appellee.

Charles A. Cuprill Hernández, Ponce, P.R., for respondent-appellant.

## OPINION AND ORDER

FUSTE, District Judge.

This is an appeal from a bankruptcy court's final order reviewable under 28 U.S.C. sec. 157 (1984). Appellant Alelí Corporation (Alelí), is a debtor in an ongoing bankruptcy reorganization proceeding pursuant to 11 U.S.C. Ch. 11. Alelí has been impleaded by appellee Liquidadora de Bienes, Inc. (Appellee),[1] in two cases pending before the Superior Court of Puerto Rico, Civil Nos. 81–438 (Humacao Part), and 78–8041 (San Juan Part). These local court cases are essentially for collection of monies and foreclosure of a junior-ranked mortgage over real property. Debtor Alelí's involvement role in those cases is geared to determine whether or not Alelí is the holder in due course of a valid and enforceable promissory note guaranteed by a first-ranking mortgage over the same property.

The record of the Chapter 11 bankruptcy proceeding shows that at the time of filing, Alelí scheduled as an asset the first-ranking promissory note and mortgage. Alelí stated being the holder in due course. However, the note was under the custody

---

**1.** The suits pending before the Superior Court of Puerto Rico were originally instituted by Banco Central Corp. (Bank). On August 29, 1985, the Bank entered into an agreement with Liquida-

dora de Bienes, Inc., whereby they assigned to Liquidadora all its rights, title, and interest in the above-mentioned local actions.

of a third party. As stated before, appellee challenges the first lien. It is part of its strategy, in order to successfully execute the junior lien. Since appellee Liquidadora has no business before the bankruptcy court regarding Alelí's reorganization petition, it decided to move the bankruptcy court seeking that the 11 U.S.C. sec. 362 automatic stay provision be modified so as to implead Alelí as a party defendant[2] in the ongoing local court proceeding.

The bankruptcy court, after holding a hearing, entered an opinion and order on April 23, 1985, granting the modification of the automatic stay. Alelí filed a "Motion to Alter or Amend Order."[3] The same was denied by an order entered on May 10, 1985. The instant appeal ensued. We now pass upon the merits of the claims raised.

### I.

Among the purposes of the automatic stay remedy shielding a debtor subject to Title 11 U.S.C. provisions, is to "grant immediate relief to the debtor from creditors and also to prevent dissipation of the debtor's assets." *In re Corporación de Servicios Médicos Hospitalarios*, 60 B.R. 920, 931 (D.P.R.1986), *aff'd*, 805 F.2d 440, (1st Cir.1986).

Generally, courts try to preserve, under the safeguarded concept of the estate, all assets of the debtor. 11 U.S.C. sec. 541; *see Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 106 S.Ct. 755, 762, 88 L.Ed.2d 859 (1986). This norm in no way limits the legal duties a debtor is obliged to execute. Here, the debtor alleges to have a valid first-ranking promissory note and mortgage. This has been questioned and is the subject of local litigation. As we see it, allowing the local courts to decide *this issue only* would not be improper nor offensive to the bankruptcy court's

duty to exercise bankruptcy jurisdiction. The narrow issue to be decided before the local dispute is adjudicated is the validity of the first-ranking mortgage lien Alelí claims to possess as an asset. This is totally dependent on local law. *Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 84, 87, 102 S.Ct. 2858, 2878, 2880, 73 L.Ed.2d 598 (1982).

### II.

Assuming, for argument purposes, that the local court decides that the first note is invalid or unenforceable, for whatever legal reasons under Puerto Rico law, the only effect on debtor's estate would be that the mortgage credit would not be available to the estate as an asset for purposes of reorganization. If, on the other hand, the local court finds that the first note is in full force and binding, the estate retains the asset. Such local action is not detrimental to the final reorganization. We fail to see the claimed prejudice. After all, appellee Liquidadora de Bienes cannot be forced to execute its junior lien over the property in question before the bankruptcy court. The property is not before the bankruptcy court in any event. It does not belong to the debtor. On the contrary, Alelí is an indispensable party before the local court proceedings.

Be it remembered that the automatic stay exists not only to protect the debtor, it is also for the protection of the creditors. *Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206 (2d Cir.1986); *In re George Ruggiere Chrysler Plymouth*, 727 F.2d 1017 (11th Cir.1984). The creditors are entitled to know whether or not debtor Alelí has a $100,000–promissory note asset as part of its estate.

We cannot find that Alelí will suffer undue hardship by exposure to the local

---

2. It is clear that under Rule 16.1 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App. III R. 16.1, Alelí is an indispensable party. Appellee, in the process of foreclosing the junior lien, has challenged the validity of the first mortgage, thus making Alelí a party with a common interest. Without its presence, the local controversy cannot be adjudicated.

3. In said motion, Alelí insists that the bankruptcy court order will oblige them to litigate the same issue in four cases. They are wrong. The bankruptcy court order is clear: Alelí will be included as a party in civil cases Nos. 81–438 and 78–8041 *only*. In both, Alelí is an indispensable party.

judicial actions. *See In re Holtkamp,* 669 F.2d 505 (7th Cir.1982); *In re Bock Laundry Mach. Co.,* 37 B.R. 564 (B.C.Ohio 1984); *In re Royston Development Co.,* 25 B.R. 715 (B.C.M.D.Fla.1982). The question whether to allow exceptions to sec. 362(a) is to be decided on a case-by-case basis. *In re General Oil Distributors, Inc.,* 33 B.R. 717 (B.C.E.D.N.Y.1983). This is one of those cases where the exception applies.

By virtue of the foregoing, we AFFIRM the bankruptcy court's order of April 23, 1985. Judgment will be entered accordingly.

IT IS SO ORDERED.