In re Gill Eugene JOHNSON, Djuna Leigh Johnson, Debtors.

POISSONNERIE La BELLE MAREE, INC., a corporation, Plaintiff/Counter Defendant,

v.

Gill JOHNSON, a/k/a Gill Johnson d/b/a Papa Tommy's, Wanda Lee Bridges Johnson, a/k/a Djuna Johnson and Border Transport, Border Transport, Inc., Defendant/Counter Plaintiff,

Colonial Bank, Gulf Coast Region, Garnishee.

Bankruptcy No. 90–00334.
Adv. No. 90–0106.

United States Bankruptcy Court, S.D. Alabama.

May 25, 1990.

Donald A. Briskman, Mobile, Ala., for Poissonnerie La Belle Maree, Inc.

Marc Bradley, Mobile, Ala., for Border Transport.

Theodore L. Hall, Mobile, Ala., trustee.

ORDER

GORDON B. KAHN, Chief Judge:

This matter having come on for status hearing upon the complaint of Poissonnerie La Belle Maree, Inc. versus Gill Johnson, et al., on the motion of Border Transport, Inc. for summary judgment, and on the Trustee's petition for removal; due notice of said hearing having been given; the debtors having appeared, the Trustee, Theodore Hall, having appeared, Marc Bradley having appeared as attorney for Border Transport, and Donald Briskman having appeared as attorney for Poissonnerie La Belle Maree, Inc.; and the Trustee having requested a jury trial, the Court now finds, concludes, and orders as follows:

FINDINGS OF FACT

1. The above-styled action originated in the Circuit Court of Mobile County, Alabama and was pending at the time the debtors filed their bankruptcy petition. The initial complaint is for a money judgment against the debtors based upon fraudulent conduct and against Border Transport, Inc. for breach of contract. The plaintiff also sought garnishment of the debtors' bank account at Colonial Bank ("Colonial"). The plaintiff has contested the answer filed by Colonial, which has prompted the filing of a cross-claim by Colonial against the debtors. The debtors have filed a counter-claim against the plaintiff and a claim against Jacques Gunn ("Gunn"), Vice President of plaintiff, for wrongful, fraudulent, and malicious garnishment of the debtors' bank account and seek a money judgment in the amount garnished and punitive damages. The debtors requested a jury trial of their claims in both their counter-complaint and their amended counter-complaint.

2. The debtors filed their Chapter 7 bankruptcy petition under Title 11 of the United States Code on February 21, 1990. The Trustee removed the above-styled action to this Court on March 14, 1990 in order to pursue, inter alia, the counterclaims against the plaintiff and Gunn which said claims are now assets of the estate, and liquidate the plaintiff's claims and Colonial's claim against the estate.

3. The plaintiff has filed a separate action against the debtors, Adversary Proceeding Number 90–00063, to determine dischargeability of its claims against the debtors.

### CONCLUSIONS OF LAW

In the instant action the plaintiff seeks to liquidate a claim against the debtors based upon the alleged fraudulent actions of the debtors and to contest the answer filed by the garnishee, Colonial. Additionally, the plaintiff asserts a claim against a non-debtor defendant, Border Transport, Inc., for breach of contract. The Trustee has acquired the counter-claim of the debtors against the plaintiff and the claim against Gunn. 11 U.S.C. § 541. Colonial has cross-claimed against the debtors. With the exception of the plaintiff's claim against Border Transport, Inc., all of the above claims are core proceedings. 28 U.S.C. § 157(b)(2). There is no objection to the request for a jury trial. The only issue is in which forum will the jury trial be conducted. For reasons set forth below, this Court does not believe that it has the jurisdiction to conduct a jury trial and that the reference of the district court should be withdrawn.

There is no question that the parties are entitled to a jury trial of their claims against each other. See, Granfinanciera, S.A. v. Nordberg, — U.S. —, 109 S.Ct. 2782, 2792 n. 5, 106 L.Ed.2d 26 (1989) (quoting Whitehead v. Shattuck, 138 U.S. 146, 11 S.Ct. 276, 34 L.Ed. 873 (1891) ("where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law"); In re Fort Lauderdale Hotel Partners, Ltd., 103 B.R. 335 (Bkrtcy.S.D.Fla.1989). However, the Supreme Court in Granfinanciera left open the question of where the jury trial should be held. Two Circuit Courts of Appeal, the Second and the Eighth, have recently addressed this question with the Second Circuit finding that the Bankruptcy Courts have jurisdiction to conduct jury trials, In re Ben Cooper, Inc., 896 F.2d 1394 (2nd Cir.1990), and the Eighth Circuit holding that the Bankruptcy Courts do not have jurisdiction to conduct jury trials, In re United Missouri Bank of Kansas City, 901 F.2d 1449 (8th Cir.1990). Additionally, the Eleventh Circuit Court of Appeals has indicated recently, in dicta, that it had "serious question", after the decision in Granfinanciera, regarding the validity of "[t]he assumption underlying the 1984 amendments ... that Article III is not violated by the resolution of 'core' bankruptcy proceedings in the non-Article III bankruptcy courts." In re Davis, 899 F.2d 1136, 1136, 1139–1141 n. 9 (11th Cir.1990).

In Missouri Bank, the bankruptcy trustee sought recovery of alleged preferential transfers against a bank that had not filed a claim against the debtor's estate. The bank requested a jury trial. Both the bankruptcy court and the district court held that the bank was entitled to a jury trial and that the bankruptcy court had the statutory authority to conduct such a trial. The Eighth Circuit agreed that the bank had a right to a jury trial, but reversed the bankruptcy and district courts as to where the trial would be conducted. Missouri Bank, 901 F.2d at 1450, 1457.

After an in-depth historical review of the authority of bankruptcy courts, the Eighth Circuit held there to be no express or implied statutory authority granted to a bankruptcy court to conduct jury trials. The appeals court noted that the 1984 Act[1] contained no specific or express language granting a bankruptcy judge authority to

---

**1.** Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333

(1984 Act).

conduct jury trials. It further noted that "Congress has previously provided express statutory authority to conduct jury trials to a non-Article III tribunal, *see* 28 U.S.C. § 636(a)(3), (c)(1) (1982) (statutory authority of magistrates to conduct jury trial in certain cases), and thus, we believe, is aware of the language necessary to expressly grant that authority. The language of the 1984 Act does not grant jury trial authority." *Missouri Bank*, 901 F.2d at 1454 (citations and footnote omitted). *See also,* D.C.Code Ann. § 11–1502 which provides statutory authority for the courts of the District of Columbia, non-Article III tribunals created by Congress to deal with cases arising under laws applicable only within the District, to conduct jury trials. The Second Circuit also held that there was no such specific statutory provision. *Ben Cooper*, 896 F.2d at 1402.

In concluding there was no implied authority, the Eighth Circuit stated that in enacting the 1984 Act

Congress simply intended to transfer all proceedings relating to the bankruptcy estate to the sole jurisdiction of the bankruptcy court without regard to whether a party was entitled to a jury trial, or which forum would conduct the trial. [I]t appears Congress did not even consider the need to provide jury trial authority. As the Supreme Court pointed out: "Thus, the 1984 Amendments' denial of the right to a jury trial in preference and fraudulent conveyance actions can hardly be said to represent Congress' considered judgment of the constitutionality of this change." *Granfinanciera*, 109 S.Ct. at 2800 n. 16. If Congress did not consider the constitutionality of denying jury trials, we doubt if it considered the need to provide for authority for the bankruptcy court to conduct a jury trial.

*Missouri Bank*, 901 F.2d at 1455–1456 (footnote omitted).

The Second Circuit differs with the Eighth Circuit at this point and holds there to be implied authority for jury trials in bankruptcy courts. The Second Circuit held that such authority must be implied to reconcile the congressional intent evident in the power granted in the 1984 Act. The court reasoned that *Granfinanciera* teaches that [core] proceedings, if legal in nature, are subject to the Seventh Amendment, but that opinion does not alter Congress' intent that they be heard by a bankruptcy court with authority to issue final orders. Construing the Bankruptcy Code to allow jury trials in the bankruptcy court is the only way to reconcile these various concerns.

*Ben Cooper*, 896 F.2d at 1402.

The reasoning of the Eighth Circuit that there is no statutory authority, express or implied, for jury trials to be conducted in the bankruptcy court is correct. Merely because it is difficult to reconcile the holding in *Granfinanciera* with the 1984 Act is not persuasive enough to imply that Congress intended something it apparently never thought of, much less considered.

The Eighth Circuit did not reach the question of whether jury trials conducted in the bankruptcy court would be constitutional under Article III and the Seventh Amendment. The Second Circuit did reach the constitutionality question and held that jury trials by bankruptcy courts in core proceedings did not violate the constitutional hurdles presented. *Ben Cooper*, 896 F.2d at 1403–1404.

Article III of the Constitution provides, in part, that

The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.

U.S. Const. art. III, § 1.

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 84–85, 102 S.Ct. 2858, 2878–2879, 73 L.Ed.2d 598 (1982), the Supreme Court indicated that conducting jury trials was an "essential attribute" of the judicial power of the United States established under Arti-

cle III. Since bankruptcy courts are Article I courts established by Congress, we concur with Bankruptcy Judge David Kahn of the Northern District of Georgia that "the conducting of a jury trial by a bankruptcy court would violate Article III of the Constitution". *In the Matter of Bouldin*, No. A85–00262–ADK, 1990 WL 95746, 1990 Bankr. LEXIS 60 (Bankr.N.D.Ga., January 19, 1990).

There are non-Article III courts, other than bankruptcy courts, which regularly conduct jury trials; however, they do so because they do not otherwise violate Article III. Magistrates do it with express statutory authority, and then only with the consent of the parties. *See,* 28 U.S.C. § 636(c). It is undisputed that Bankruptcy Courts have no such express statutory authority. The judges of the courts of the District of Columbia are not exercising the "judicial Power of the United States," in applying laws applicable only to the District of Columbia, *Palmore v. United States,* 411 U.S. 389, 410, 93 S.Ct. 1670, 1682, 36 L.Ed.2d 342 (1973), and therefore, are not violating Article III. Bankruptcy courts would be exercising the "judicial Power of the United States" in upholding and interpreting federal bankruptcy law.

We do not agree with the Second Circuit's reasoning regarding Article III that because "bankruptcy courts have the power to enter final judgments without violating Article III, it follows that jury verdicts in the bankruptcy courts do not violate Article III." *Ben Cooper,* 896 F.2d at 1403. In reaching this conclusion, the Second Circuit assumes, without deciding, that the statutory authority of bankruptcy courts found in 28 U.S.C. § 157(b) does not violate Article III[2]. The Second Circuit even points out that the constitutionality of 28 U.S.C. § 157(b) is "[t]he essential predicate question, even more fundamental ..." than whether "jury trials in the bankruptcy court violate Article III of the Constitution." *Ben Cooper,* 896 F.2d at 1403. The Eleventh Circuit has expressed some doubt

regarding the assumption that 28 U.S.C. § 157(b) is constitutional. *Davis,* at 1139–1141 n. 9. In order to find that jury verdicts in bankruptcy court do not violate Article III, the constitutionality of 28 U.S.C. § 157(b) must be decided first. However, because this Court is holding that jury verdicts in bankruptcy court are violative of Article III, it is not necessary to decide the constitutionality of 28 U.S.C. § 157(b).

The Seventh Amendment provides, in part, that

In Suits at Common law ... the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII.

In holding the Seventh Amendment to be violated in jury trials conducted by bankruptcy courts in non-core matters but not in core matters, the *Bouldin* court concluded that de novo review of non-core matters by the district court would violate the prohibition that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States." *See,* 28 U.S.C. § 157(c)(1). The Second Circuit also concluded that de novo in non-consensual non-core matters "may well render unconstitutional jury trials" in such proceedings. *Ben Cooper,* 896 F.2d at 1403. Review under the clearly erroneous standard established for core matters, 28 U.S.C. § 158, presumably would not violate such a prohibition. However, the lack of Congressional authorization and the Article III problems as found above would still prevent a bankruptcy court from conducting jury trials in core proceedings. *See, Bouldin,* No. 85–00262.

The decisions of the Eighth Circuit and the bankruptcy court of the Northern District of Georgia that there is no express or implied statutory authority for jury trials in the bankruptcy court, are correct. The

---

**2.** This statute provides, in part: (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

dicta of the Eleventh Circuit, as well as the express holdings of the bankruptcy court of the Northern District of Georgia, support the further conclusion that they are unconstitutional.

Because bankruptcy courts do not have jurisdiction to conduct jury trials, because the parties are entitled to have a jury trial in a court of competent jurisdiction, and because the suit appears to be well advanced in the state court, this Court will abstain from hearing the case pursuant to 28 U.S.C. § 1334(c), and recommend to the District Court that the reference be withdrawn and further recommend to the District Court, pursuant to Bankruptcy Rule 9027(e), that the case be remanded to the Circuit Court of Mobile County. As to the disposition of Border Transport's summary judgment motion[3], the claim by the plaintiff against Border Transport is not a core proceeding, *see*, 28 U.S.C. § 157(b)(2). This Court could only enter findings of fact and conclusions of law but no final judgment, *see*, 28 U.S.C. § 157(c)(1). Accordingly, it is in the best interests of the parties to defer resolution of all pending matters to one tribunal. Now, therefore, it is

### ORDER

ORDERED, that the Trustee's demand for a jury trial be, and it hereby, is GRANTED; and it is further

RECOMMENDED, to the District Court that it withdraw the reference of this adversary proceeding; and it is further

RECOMMENDED, to the District Court that the above-styled adversary proceeding, having originated in the Circuit Court of Mobile County, be remanded to the Circuit Court of Mobile County for further proceedings; and it is further

ORDERED, that the Clerk of the Bankruptcy Court is hereby directed to submit this Order and the adversary file to the District Court for consideration thereof.

---

3. The entire file of the Circuit Court of Mobile County has yet to be sent to this Court following notice of removal, including Border Transport's motion for summary judgment.