**In re Charles Robert SALISBURY, M.D., Debtor.**

**Misc. Civ. No.  90–0123–AH–M. Bankruptcy No. 90–00051.**

United States District Court, S.D. Alabama.

Dec. 4, 1990.

Irvin Grodsky, Grodsky & Mitchell, Mobile, Ala., for debtor.

M. Lloyd Roebuck, Kilborn & Roebuck, Mobile, Ala., for movant.

## ORDER

HOWARD, Chief Judge.

This matter is before the Court on the recommendation of the bankruptcy judge that this claim be remanded to state court (Doc. # 4), the debtor's objection (Doc. # 5), and the creditor's response to the objection (Doc. # 6). After due and careful consideration of the recommendation, the objections, and the file the Bankruptcy Judge's recommendation is ADOPTED. Accordingly, it is ORDERED that the order of reference in the above-styled adversary proceeding be withdrawn, and that said adversary proceeding be remanded to the Circuit Court of Mobile County for further proceedings.

## ORDER

GORDON B. KAHN, Chief Judge.

At Mobile in said District on the 1st day of October, 1990, before Gordon B. Kahn, Bankruptcy Judge:

This matter having come on for hearing on the motion of H. Charles Semple, M.D. to remand to state court and for relief from stay; due notice of said hearing having been given; Irvin Grodsky having appeared as attorney for the debtor and Lloyd Roebuck having appeared as attorney for H. Charles Semple, M.D.; and after having taken the matter under submission, the Court now finds, concludes, and orders as follows:

## FINDINGS OF FACT

1. On January 11, 1990, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. Prior to filing bankruptcy, the debtor filed a civil action in State Circuit Court against H. Charles Semple, M.D. ("Semple") seeking a declaratory judgment determining a portion of an agreement concerning the purchase of Semple's medical practice by the debtor to be null and void. In response, Semple filed counterclaims seeking to recover damages for breach of contract and fraud and requested a jury trial of those claims.

3. On November 13, 1989, the Circuit Court granted Semple's motion for summary judgment and entered an order holding that the purchase agreement was valid and enforceable. The debtor filed a notice of appeal with the Alabama Supreme Court on November 22, 1989. The Supreme Court affirmed the decision of the Circuit Court on June 29, 1990. 565 So.2d 234.

4. In addition to filing a notice of appeal, the debtor requested that the Circuit Court refrain from trying Semple's counterclaims pending the outcome of the appeal. The request was denied and the debtor was required to post a supersedeas bond. Upon the debtor's refusal to post the bond, Semple moved for contempt. The debtor filed his Chapter 11 petition on the day scheduled for the contempt hearing.

5. The trial of the remaining counterclaims were stayed upon the filing of the debtor's bankruptcy petition. Relief from stay to continue with the trial of those counterclaims was denied pending the outcome of the appeal.

6. Upon issuance of the decision of the Alabama Supreme Court, Semple filed a new motion for relief from stay to continue with the counterclaims in Circuit Court. The debtor filed a removal petition removing the counterclaims to the Bankruptcy Court. Thereafter, Semple filed motion to remand.

7. Semple filed a complaint to determine dischargeability of the unliquidated

claims he has against the debtor. Additionally, he has filed a proof of claim which remains unliquidated.

## CONCLUSIONS OF LAW

Semple is seeking relief from the automatic stay in order to pursue his counterclaims in State court and remand of those same claims which the debtor removed to this Court. The controversy between Semple and the debtor began in the Circuit Court of Mobile County, Alabama. When the debtor filed his bankruptcy petition, Semple filed a motion for relief from the automatic stay. The debtor then removed the state court action to the Bankruptcy Court, to which Semple responded with a motion to remand.[1] A removed action may be remanded "on any equitable ground." 28 U.S.C. § 1452(b).

■ Relief from stay may be granted "for cause". 11 U.S.C. § 362(d)(1). In determining whether or not cause exists to lift the stay to proceed with a pending state court action the following factors are to be considered:

1. The likelihood, if any, that the Debtor will suffer great prejudice if the stay is lifted;

2. Whether the hardship the moving parties may suffer if the stay remains in effect will outweigh any prejudicial effect to the Debtor or the estate if relief from the stay is granted; and

3. The likelihood that the creditor will prevail on the claim pending in the state court.

*In re Monroe,* Case Number 90–00103 (Bkrtcy.S.D.Ala.1990), *citing, Matter of Rabin,* 53 B.R. 529 (Bkrtcy.D.N.J.1985). These factors are clearly equitable in nature. Thus, as a practical matter, in this case the factors considered on the motion for relief encompass the motion for remand. If relief from stay for cause is not appropriate, then neither is remand.

■ Applying the above factors to the instant motions for relief from stay and

remand, it does not appear that the debtor will suffer "great prejudice" if the claims are tried in the state court. While it will be necessary for the Bankruptcy Court to determine dischargeability in the event Semple is successful in his counterclaims, the possibility of having to try some issues twice is not such a great hardship that relief from stay should be denied.

In addition to the dischargeability issue, the debtor argues that if the state court returns a verdict on the breach of contract count for the full amount of the contract, a separate hearing will have to be held in the bankruptcy court to determine if any of this amount is due to be excluded as unmatured interest under 11 U.S.C. § 502(b). Determination of that issue will not require a retrial of the case tried in the state court. In fact, this argument will have no place in the state court trial and, thus, will not be a duplicative activity if and when it is argued in the bankruptcy court.

■ As for prejudice to Semple, it appears that he will suffer a greater harm if relief from stay is denied than the debtor will suffer if it is granted. Semple has requested a jury trial. This Court has previously held that bankruptcy courts do not have jurisdiction to conduct jury trials. *In re Johnson,* 115 B.R. 712 (Bkrtcy.S.D.Ala. 1990). The debtor argues that because Semple has filed a proof of claim, he has subjected himself to the jurisdiction of the bankruptcy court and is not entitled to a jury trial in light of the holding of the Supreme Court in *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). However, *Granfinanciera* and many cases following it are distinguishable in that they involved the filing of a proof of claim to which the debtor or trustee filed opposing counterclaims which would have otherwise been entitled to a trial by jury. *See, e.g., In re Light Foundry Associates,* 112 B.R. 134 (Bkrtcy.E.D. Pa.1990). The rationale is that the creditor has submitted his claim for payment in the

---

1. Unlike removal to a federal district court outside of bankruptcy, removal to a bankruptcy court is automatic. The matter once removed stays in the federal system for trial, without

further review or consideration by the court, unless a party specifically requests remand. 28 U.S.C. §§ 1446, 1452(a), (b).

bankruptcy court which has the equitable power to allow or disallow that claim. The claim is then attacked by the debtor or the trustee and the creditor requests a jury trial. The demand for a jury trial comes after submission to the jurisdiction of the bankruptcy court.

In this case, the debtor filed a declaratory judgment action in the state court to which Semple counterclaimed and made a jury demand. The debtor picked the forum where the case was initially to be tried. When he lost on his claim, he filed bankruptcy. The counterclaims are still pending, as is the jury demand.

Pursuant to Bankruptcy Rules 3003(c)(3) and 4007(c) deadlines were set for the filing of proofs of claim and complaints to determine dischargeability of debts which the plaintiff had to comply with if he was to receive any payment and/or object to the discharge of his debt. 11 U.S.C. § 523(c); Bankr.R. 3003(c)(2–3) and 4007(c). Creditors are almost always going to be forced to file a claim, especially in a Chapter 11 or 13. *Granfinanciera* does not stand for the proposition that *any time* a proof of claim is filed the court must deny a creditor's jury trial request if it is otherwise warranted. It does not hold that the creditor has "waived" the right to a jury trial. *Granfinanciera*, 109 S.Ct. at 2799, n. 14. It simply means that the creditor has submitted to the jurisdiction of the bankruptcy court.

Under 28 U.S.C. § 1334, which governs jurisdiction of bankruptcy courts and proceedings, the bankruptcy court may abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11 "in the interest of justice." 28 U.S.C. § 1334(c). Simply put, the bankruptcy court may allow another court to hear a case over which the bankruptcy court already has complete jurisdiction. *See e.g., In re White Motor Credit*, 761 F.2d 270 (6th Cir.1985) (Conflict between the limit on choice of forums for personal injury suit under 28 U.S.C. § 157(b)(5), which mandates that the claim be tried in the federal district court in the district in which the claim arose as opposed to a state court, and the lack of similar restraints on the court's discretionary abstention powers under 28 U.S.C. § 1334(c)(1) must be resolved in favor of 28 U.S.C. § 1334(c)(1).)

Additionally, Semple maintains that it is possible that other parties may be added to the pending state court action. In this event, this Court will not have jurisdiction over those parties. *In re Johnson*, 115 B.R. 712.

Finally, it is not overwhelmingly clear that one party has a better chance of prevailing over the other at this time. However, if the debtor should prevail, as he claims he will, there will be no need to try the dischargeability question in this Court. Therefore, this factor, in this case, has little bearing on the decision to grant or deny relief from the automatic stay.

It is clear that this Court has jurisdiction over all matters relating to Semple's claims against the debtor, that the motions for relief from stay and remand could be denied and that a jury trial does not have to be provided. *Granfinanciera;* 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B), and (I) and 1334(a). However, for equitable reasons, the facts of this particular case warrant sending the matter back to the state court for liquidation of the claims. But for this bankruptcy, Semple would have had a right to a jury trial without question. This holding may result in the trial of some issues twice; but as stated above, this potential fact standing alone is not enough to deny relief from stay and deny remand. The debtor chose the state court to resolve his dispute with Semple. When decisions started going against him, the debtor turned to the bankruptcy court at the "eleventh hour" perhaps in hope of finding a more sympathetic ear. In an earlier order entered in this case it was stated that "this Court will not be used as a litigation tactic" and questioned the debtor's "good faith" in filing a Chapter 11 petition in light of his admission that he would dismiss his bankruptcy case if he was successful in his appeal of the state court judgment. *See, Salisbury*, Case Number 90–00051, Misc. No. 90–00085 (Bkrtcy.S.D.Ala.1990). To

deny Semple's demand for a jury trial under the facts of this case would not be in the best interest of justice and would open the door for similar actions of forum shopping by others where it would be advantageous to avoid a jury trial.

Because the Plaintiff is entitled to have a jury trial for the sole purpose of liquidating his claims, because he is entitled to such a trial in a court of competent jurisdiction, because there exists "cause" for lifting the stay, and because the interests of justice so dictate, this Court will 1) recommend to the District Court pursuant to Bankruptcy Rule 9027(e) that it remand the action to the Circuit Court of Mobile County pursuant to 28 U.S.C. § 1452(b) and 2) grant relief from stay to proceed to judgment.[2] Now, therefore, it is

### ORDER

RECOMMENDED, that the district court enter an order granting the motion to remand debtor's removal of the case of *Salisbury v. Semple*, CV–89–002974 from the Circuit Court of Mobile County, Alabama pursuant to 28 U.S.C. § 1452(b) to the Circuit Court of Mobile County for further proceedings consistent with this order; and it is further

ORDERED, that, upon the acceptance by the district court of the above recommendation, the motion of H. Charles Semple, M.D. for relief from the automatic stay be GRANTED for the sole purpose of liquidating his claims against the debtor in the Circuit Court of Mobile County, Alabama; and it is further

ORDERED, that, in the event the above recommendation is not accepted by the district court, the motion of H. Charles Semple, M.D. for relief from the automatic stay be DENIED.

2. While the District Court has jurisdiction to give Semple the requested jury trial or could withdraw the reference of the entire bankruptcy proceeding and consolidate the complaint to determine dischargeability and the allowance or disallowance of Semple's claim with the removed state court action, because the state court is already familiar with the facts of the case and in order to discourage forum shopping by others the recommendation is made to remand the removed action back to state court.