732

**In re David R. MILLSAP, Debtor.**

**Bankruptcy No. 89–03328–13.**

United States Bankruptcy Court,
D. Idaho.

May 15, 1992.

Robert Covington, Coeur d'Alene, Idaho, for debtor.

Marc A. Lyons, Quane, Smith, Howard & Hull, Coeur d'Alene, Idaho, for Panhandle State Bank.

L.C. Spurgeon, trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

A creditor, Panhandle State Bank, has requested a determination of the extent of the section 362 stay, or in the alternative, stay relief so the Bank may pursue certain counterclaims against the debtor in a state court action. Panhandle Bank wishes to assert a claim for indemnification as part of its counterclaim in the action filed by the debtor against the Bank. The state court has ordered the Bank to seek a determination as to whether the automatic stay would bar the Bank's assertion of its counterclaims in the state court action.

The debtor's plan has been confirmed and is executory. The term of the plan is projected to extend to February, 1993. The section 362 automatic stay is thus still in effect, and would prohibit the assertion of the counterclaims unless stay relief is afforded the Bank.[1]

■ The debtor contests the motion for stay relief. The debtor argues the Bank had notice of the debtor's chapter 13 filing and chose to not file a claim. The debtor asserts the Bank is bound by the confirmed plan; the Bank's claim is a pre-petition claim dischargeable upon the completion of the debtor's plan, and the Bank should not be allowed to pursue a collection action against them in state court while the chapter 13 plan is executory.

■ The debtor's contention may be correct. However, the present state of the record does not support the conclusion the Bank has no possible or conceivable right to assert a counterclaim, or a set-off, in the debtor initiated state court action. The debtor has not yet been discharged from any of his chapter 13 debts, and will probably not be discharged until the completion

---

1. 11 U.S.C. § 362(c)(2) provides for termination of the stay when a case is closed, dismissed, or

when a discharge is granted or denied.

of his chapter 13 plan. A creditor is entitled to relief from the section 362 automatic stay to assert a counterclaim in debtor initiated non-bankruptcy proceedings in most instances as a matter of right considering the compulsory nature of most counterclaims under rules of civil procedure.[2] For relief in the state court action if the Bank's counterclaim has been discharged, the debtor can plead his available defenses under Title 11 of the United States Code in opposition to the counterclaim, or request appropriate injunctive relief from this Court.

The Panhandle State Bank is entitled to partial relief from the section 362 automatic stay to allow it to pursue compulsory counterclaims against the debtor in state court.

A separate order will be entered.