**In re COUNTRYSIDE MANOR, INC., Debtor.**

**Richard F. PRINDLE, the Prindle Family Limited Partnership, the Trust W.P.–1, and Elaine E. Prindle, Movants,**

v.

**COUNTRYSIDE MANOR, INC., Respondent.**

**Bankruptcy No. 94–24049.**

United States Bankruptcy Court, D. Connecticut.

Nov. 2, 1995.

490

David M. Somers, David M. Somers & Associates, P.C., Avon, CT, for Movants.

Jon P. Newton, Reid and Riege, P.C., Hartford, CT, for Debtor–Respondent.

*RULING ON MOTION FOR RELIEF FROM STAY*

ROBERT L. KRECHEVSKY, Chief Judge.

I.

Countryside Manor, Inc., the operator of an intermediate/skilled nursing care facility (the "Debtor"), filed a petition under Chapter 11 on November 18, 1994. Three months previously, the Debtor had filed suit in the Connecticut Superior Court against Richard F. Prindle, The Prindle Family Limited Partnership, and Elaine E. Prindle (the "Defendants"), seeking to collect approximately $60,000 for asserted convalescent home services provided to one Alice Prindle. The Debtor later amended the complaint to add a claim involving fraudulent transfers of assets between the Defendants.

The Defendants filed the present motion requesting the court to modify the automatic stay so that the Defendants may file a counterclaim in the Debtor's state-court action. The counterclaim asserts the Debtor violated the Patients' Bill of Rights (Conn.Gen.Stat. § 19a–550) and engaged in discrimination, fraudulent misrepresentations, civil theft, conversion, unfair trade practices and other unlawful practices, all allegedly arising out of the services rendered to Alice Prindle. The Defendants also state they will seek to add the Debtor's president as an additional counterclaim defendant.

The Debtor did not schedule the Defendants as creditors and the Defendants have not filed a proof of claim in the Debtor's bankruptcy case. The bar date set by the court for filing claims has expired.

The Debtor objects to the motion. It contends the Defendants should file a proof of claim so that the bankruptcy court may adjudicate the Defendants' claims and, if appropriate, deny offset based upon the doctrine of equitable subordination.

II.

■ Bankruptcy Code § 362(d)(1) authorizes a court to terminate, annul, modify or condition the automatic stay imposed by § 362(a) "for cause." "Cause" is not a defined term in the Bankruptcy Code and, consequently, is determined on a case-by-case basis. *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir.1990); *In re MacDonald*, 755 F.2d 715 (9th Cir.1985). In the Second Circuit, movants seeking relief from stay have the initial burden of proof to estab-

lish cause, and the decision of whether to lift the stay is committed to the discretion of the bankruptcy judge. *In re Sonnax,* 907 F.2d at 1285–86. When parties seek relief from the stay to permit litigation to proceed in another forum, the Second Circuit has adopted twelve factors, originally set out in *In re Curtis,* 40 B.R. 795 (Bankr.D.Utah 1984), that a court should weigh in exercising its discretion. *In re Sonnax* 907 F.2d at 1286.[1] Although the issue in *Sonnax* was whether to modify the stay in order to allow a party to proceed with a state-court action against the debtor, while the issue here is whether to allow the filing of a counterclaim against the debtor, the considerations should be the same.

▮ The Second Circuit has earlier spoken, albeit in a precode case, in the instance of prosecution of a counterclaim asserted against the debtor in an action brought by the debtor in a nonbankruptcy forum. *See In re Bohack Corporation,* 599 F.2d 1160 (2d Cir.1979). In *Bohack,* the debtor had sued a creditor in the district court for antitrust violations. The creditor, who had filed a proof of claim, sought to interpose it as a counterclaim. The debtor then acted to enjoin prosecution of the counterclaim as a violation of the automatic stay. The bankruptcy court and the district court held for the debtor, but the court of appeals reversed. The court of appeals noted the significant purpose of the allowance of setoffs in the bankruptcy context "based upon long-recognized rights of mutual debtors," *Id.* at 1165.[2] The court stated:

The statutory remedy of set off should be enforced unless the *court finds after due* reflection that allowance would not be consistent with the provisions and purposes of [bankruptcy law] as a whole.... Where a debtor institutes a lawsuit and then invokes the protection of [the automatic stay] on a counterclaim, the situation warrants a very thoughtful scrutiny.... [T]he court has an equitable duty to grant a setoff when a debtor moves outside the confines of the bankruptcy court in an attempt to reap the benefits but circumvent the burdens in another forum.

*Id.* at 1165, 1168.

The principles embraced in *Sonnax* and *Bohack* clearly support the granting of the Defendants' motion. The issues to be decided in the counterclaim are based upon Connecticut law and do not involve questions directed to the expertise of the bankruptcy court. The administration of justice, convenience of the parties and judicial economy are better served by having all the claims and counterclaims resolved by the same court—in this instance, the state court.

The Defendants cannot be forced to file a claim in the bankruptcy court, and the counterclaim, as described, clearly qualifies as an offset of a mutual debt. Refusal to lift the stay prejudices the Defendants and is inequitable because they will be unable to assert their claim in state court. The Debtor has established no hardship to the Debtor's estate if the Defendants are allowed to liquidate the counterclaim in the state court. The Debtor has also not offered a sufficient basis for imposition of equitable subordina-

1. The twelve *Curtis* factors are:

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judi-

cial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1286 (2d Cir.1990) (*citing In re Curtis,* 40 B.R. 795, 799–800 (Bankr.D.Utah 1984)).

2. Bankruptcy Code § 553(a) presently provides that "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case ... against a claim of such creditor against the debtor that arose before the commencement of the case...." 11 U.S.C. § 553(a).

**492**

tion of the counterclaim. *See In re Salisbury,* 123 B.R. 913, 916–17 (S.D.Ala.1990) (remanding counterclaims of creditor to state court and granting relief from stay because, *inter alia,* additional parties over which bankruptcy court has no jurisdiction may be added); *In re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (N.D.Ill.1986) (modifying stay to permit creditor to prosecute counterclaim in district court, where stay prejudices creditor through inability to pursue compulsory counterclaim); *In re Millsap,* 141 B.R. 732, 733 (Bankr.D.Idaho 1992) (creditor entitled, "in most instances as a matter of right", to relief from stay to assert compulsory counterclaim in debtor-initiated nonbankruptcy proceeding); *Massey–Ferguson, Inc. v. Central Equip. & Serv. Co., Inc. (In re Central Equip. & Serv. Co., Inc.),* 61 B.R. 986, 988 (Bankr.N.D.Ga.1986) (creditor granted relief from stay to assert counterclaim as setoff against debtor in district court notwithstanding creditor failed to file a proof of claim in bankruptcy case because § 553 intended to preserve right of creditors to offset mutual debts); *Ideal Roofing & Sheet Metal Works, Inc. v. M.R. Harrison Construction Corp. (In re Ideal Roofing & Sheet Metal Works, Inc.),* 9 B.R. 2, 3 (Bankr.S.D.Fla.1980) (where debtor brings action in state court, stay modified to permit creditor to prosecute counterclaim in that action).

### III.

The Defendants' motion for relief from stay in order to pursue a counterclaim in the pending state-court action commenced by the Debtor is granted.