FILED
United States Court of Appeals
Tenth Circuit

April 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: JIM'S MAINTENANCE &
SONS INC.,

      Debtor.

_____

JIM'S MAINTENANCE & SONS
INC.,

      Appellant,

v.

TARGET CORPORATION,

      Appellee.

No. 10-6052
(D.C. No. 5:09-CV-00438-M)
(W.D. Okla.)

_____

In re: JIM'S COMMERCIAL
CLEANING LTD.,

      Debtor.

_____

JIM'S COMMERCIAL CLEANING
LTD.,

      Appellant,

v.

TARGET CORPORATION,

      Appellee.

No. 10-6053
(D.C. No. 5:09-CV-00439-M)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Jim's Maintenance & Sons Inc. and Jim's Commercial Cleaning Ltd. appeal from identical orders by the bankruptcy court granting Target Corporation's motions to lift the automatic stay provided in 11 U.S.C. § 362 in order for Target to pursue claims against the debtors in litigation pending in federal district court. Appeal numbers 10-6052 and 10-6053 were consolidated for the purposes of briefing, record, and submission. Because the bankruptcy court provided the same reasoning for lifting the automatic stay in both of these bankruptcy proceedings, we decide these appeals together. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

### Background

In 2000, Target Corporation entered into contracts with Jim's Maintenance & Son's Inc. and Jim's Commercial Cleaning Ltd. (collectively "Jim's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Maintenance" or "the debtors") in which Jim's Maintenance agreed to provide cleaning services for Target at certain stores. Target terminated its relationship with Jim's Maintenance in May 2006. That same year, former employees of Jim's Maintenance brought two separate lawsuits against the company and Target in the Southern District of Texas ("the *Fuentes* case") and the Western District of Texas ("the *Iztep* case"). The former employees asserted that Jim's Maintenance and Target were liable for failure to pay overtime and minimum wage in accordance with the Fair Labor Standards Act. Target subsequently brought crossclaims against Jim's Maintenance for breach of contract and other claims in both Texas cases. In December 2007, Target moved for summary judgment against Jim's Maintenance in the *Iztep* case. Jim's Maintenance filed its response to the summary judgment motion in January 2008.

In May 2008, Jim's Maintenance filed for bankruptcy protection and an automatic stay of all litigation against the debtors went into effect under 11 U.S.C. § 362(a). After filing for bankruptcy, Jim's Maintenance filed a civil action against Target in state court in Oklahoma, which was later removed to federal court in the Western District of Oklahoma ("the Oklahoma litigation"). Target subsequently moved the bankruptcy court for relief from the automatic stay to allow it to continue litigating its crossclaims in the Texas cases and to allow it to file comparable counterclaims in the Oklahoma litigation. In February 2009, the bankruptcy court lifted the automatic stay. The debtors appealed the

bankruptcy court's decision to the district court. In January 2010, the district court affirmed the bankruptcy court's decision to lift the automatic stay. Jim's Maintenance then filed its appeal in this court.

## Discussion

We review for abuse of discretion the bankruptcy court's decision to lift the automatic stay. *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987). "Under the abuse of discretion standard[,] a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (quotations omitted).

"The automatic stay generally prohibits . . . litigation, enforcement of liens, and other actions, be they judicial or otherwise, which would affect or interfere with property of the estate, of the debtor, or which is in the custody of the estate." *Pursifull*, 814 F.2d at 1504 (citing 11 U.S.C. § 362(a)). The stay procedure allows the bankruptcy court "to retain control over the resolution of all claims pertaining to the debtor and the bankruptcy estate." *Id*. Relief from the automatic stay may be granted for cause, *see* 11 U.S.C. § 362(d)(1), which involves a discretionary determination by the bankruptcy court made on a case by case basis. *See Busch*, 294 B.R. at 140. "The moving party has the burden to

-4-

show that 'cause' exists to lift the stay, after which the burden shifts to a debtor to demonstrate why the stay should remain in place." *Id*. at 140-41.

In its motion seeking to lift the automatic stay, Target noted bankruptcy courts have held cause existed to grant relief from the stay

> to allow a creditor to establish its claims against a debtor in other forums, particularly in forums where the bankruptcy debtor is already a named party defendant or where the bankrupt debtor has instituted an action against the creditor, and to protect the creditor's right of offset against debts the bankrupt debtor claims the creditor owes the bankrupt debtor.

Aplt. App. at 15 (citing *In re Countryside Manor, Inc.*, 188 B.R. 489 (Bankr. D. Conn. 1995)). Under this standard, Target argued cause existed to lift the stay in order for Target to protect its right of offset by pursuing its crossclaims in the Texas cases, which had been filed prior to the institution of the bankruptcy proceedings, and to file its counterclaims in the Oklahoma litigation. Target further asserted the federal district courts in Texas and Oklahoma were the more appropriate forums to litigate its claims and allowing Target to litigate its claims in those courts would result in judicial economy and an expeditious resolution of the litigation. Finally, Target contended nine of the relevant factors from the *Curtis* test[1] supported lifting the stay.

---

[1] In *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984), the court identified factors to consider in deciding "whether or not to modify the stay to permit litigation against the debtor to proceed in another forum." These factors "have been widely adopted by bankruptcy courts." *Busch*, 294 B.R. at 141.

In response, the debtors did not object to the lifting of the stay in the Oklahoma litigation, but they did object to the lifting of the stay in the two Texas cases. The debtors asserted there were no funds to employ counsel to represent them in the Texas cases and they would be prejudiced by their inability to represent themselves. The debtors took the position Target would not be harmed by continuing the stay in the Texas cases because the stay could be lifted in the Oklahoma litigation and Target could bring its counterclaims in that case.

In its order, the bankruptcy court stated it had considered the legal arguments advanced by Target and the trustee and ultimately concluded the prejudice advanced by the debtors did not override the other factors that compelled the court to grant Target's motion for relief from the stay. Specifically, the bankruptcy court noted counsel for the estate had previously appeared in the Texas cases, and Target's motion for summary judgment in the *Iztep* case had already been briefed by both sides when the court's ruling on the motion had been stayed by the institution of the bankruptcy proceedings. The bankruptcy court also noted the debtors could file a motion in the Texas district courts requesting Target's claims be transferred to the Oklahoma district court in order for the claims to be consolidated in one jurisdiction. The bankruptcy court agreed with Target "that the decision as to which federal district court should handle the claims should rest with and should be decided by the federal district courts." Aplt. App. at 39.

On appeal, the debtors argue the bankruptcy court abused its discretion in lifting the automatic stay in the Texas litigation[2] because "[the court] failed to consider all of the relevant factors and erred in balancing the factors that it properly considered." Aplt. Br. at 6. We disagree. The debtors' objection in response to the motion to lift the stay was very limited and was essentially an objection to the geographical location for Target's litigation of its claims (federal district court in *Texas* versus federal district court in *Oklahoma*), as opposed to an objection to Target being able to litigate its claims against the debtors in any non-bankruptcy forum. The debtors did not object to Target being allowed to file counterclaims in the Oklahoma litigation, which is a concession the estate would not be harmed by allowing litigation to proceed against it in a non-bankruptcy forum. Instead, the debtors attempted to convince the bankruptcy court to allow them to defend against Target's claims in their preferred non-bankruptcy forum, arguing the estate would be prejudiced if the Texas cases were allowed to proceed because their Oklahoma counsel was not willing to travel to Texas.

---

[2] Although the debtors continue to refer to the "Texas litigation," which encompasses both the *Iztep* and the *Fuentes* cases, we note only the litigation in the *Iztep* case is proceeding. When Target sought to reopen its crossclaims in the *Fuentes* case after the bankruptcy court lifted the stay, the *Fuentes* court denied its request, noting all of the plaintiffs' claims had been resolved and therefore it would be more appropriate for Target to litigate its claims in the *Iztep* case or the Oklahoma litigation. *See* Aplee. App. at 16. Because the *Fuentes* case has been closed, any request for relief related to the bankruptcy court's decision to lift the stay in that case is moot, *see BioDiversity Conservation Alliance v. Bureau of Land Mgmt.*, 608 F.3d 709, 713 (10th Cir. 2010) (noting "a case is moot if a court cannot provide effectual relief" (quotation omitted)).

Given these circumstances, the bankruptcy court's analysis was appropriately tailored to the debtors' limited argument regarding prejudice. Moreover, it was reasonable for the bankruptcy court to conclude that the decision as to which federal district court should handle the claims should be decided by the federal district courts. The debtors have failed to show that the bankruptcy court's consideration of their prejudice argument and the court's ultimate decision to lift the automatic stay constituted a "clear error of judgment" or "exceeded the bounds of permissible choice in the circumstances." *Busch*, 294 B.R. at 140. Accordingly, we conclude the bankruptcy court did not abuse its discretion in granting Target's motion to lift the automatic stay.[3]

We AFFIRM the bankruptcy court's orders granting Target's motions to lift the automatic stay in the underlying bankruptcy proceedings.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[3] We note the debtors did not provide a complete record for our review. The bankruptcy court held a hearing on Target's motion to lift the stay, but the debtors failed to provide us with any portion of the transcript from the hearing. *See* 10th Cir. R. 10.1(A)(1) ("The appellant must provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal.").